**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. PIERCE DIVISION**

CASE NO:

| | |
|---|---|
| **RICHARD SHANNON,** | : |
| Plaintiff, | : |
| v. | : |
| **LIBERTY MUTUAL GROUP, INC.,** | : |
| Defendant. | : |

**LIBERTY MUTUAL GROUP INC.'S EMERGENCY MOTION TO QUASH AND FOR PROTECTIVE ORDER AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Liberty Mutual Group Inc. ("Liberty Mutual"), through its undersigned counsel, hereby moves for an order from this Court quashing a Rule 45 subpoena served within this judicial district on a non-party Florida resident for a deposition scheduled to occur May 5, 2022, in Port St. Lucie, Florida. In support of its emergency motion, Liberty Mutual states as follows:

1. Richard Shannon (Mr. Shannon) filed a lawsuit against Liberty Mutual in the United States District Court for the District of Connecticut under the caption *Richard Shannon v. Liberty Mutual Group, Inc.*, Civil Action No.: 3:20-CV-01192 (RNC) (the "Connecticut Litigation") alleging employment discrimination. *See* Exhibit A, Complaint in the Connecticut Litigation.

2. Counsel for Mr. Shannon issued a subpoena on April 20, 2022, for a deposition to be conducted by Zoom in Port St. Lucie, Florida and served the same on April 27, 2022, on Mr. Pauciulo. Liberty Mutual became aware of service on Thursday, April 28, 2022. Mr. Pauciulo has been allegedly commanded to attend the deposition on **May 5, 2022**.

3. Mr. Pauciulo is a non-party to the Connecticut Litigation and a current resident of the State of Florida. The subpoena purportedly commands Mr. Pauciulo to appear and provide deposition testimony and disclose confidential documents to Plaintiff's lawyers for their use in the Connecticut Litigation.

4. Liberty Mutual Group Inc. hereby moves to quash the subpoena issued for the deposition of its former employee, Frank Pauciulo, and for a protective order related to the deposition.

5. By this motion, Liberty Mutual, the defendant in the Connecticut Litigation, respectfully asks the Court to quash the subpoena for multiple reasons, including that (a) the subpoena subjects Liberty Mutual and Mr. Pauciulo to undue burden, and (b) the subpoena requires compliance beyond the geographical limitations specified in rule 45(c) of the Federal Rules of Civil Procedure.

6. In the alternative, pursuant to Rule 45(d)(3)(C), Liberty Mutual respectfully requests that the Court partially quash the subpoena by ordering that the subpoena be quashed to the extent it calls for the production of or testimony concerning Mr. Pauciulo's Confidential Separation Agreement and General Release, including the terms of the agreement and the amounts of any payments made to him at the time he left the company pursuant to the agreement. In addition, Liberty Mutual seeks to limit the deposition, if it is allowed, to two hours and that Plaintiff be required to arrange and pay for a professional space for the deposition to be conducted where Liberty Mutual, the defendant in the Connecticut Litigation may attend in person.

7. Although Liberty Mutual began preparing this Motion as soon as possible after learning about service of the subpoena, this motion will become moot as the deposition will allegedly commence if a determination on this motion is not made prior to **May 5, 2022.**

## MEMORANDUM OF LAW

### I. BACKGROUND

In the Connecticut Litigation, Plaintiff claims Liberty Mutual discriminated against him because of his age **when it did not select him for a Regional General Manager position or a Regional Manager position he applied for in 2019 following an across-the-board elimination of the prior position he held as Area Manager**. *See* Exhibit A. Specifically, even though he did not perform well at his interviews that Mr. Pauciulo never attended, Plaintiff claims that his age was the reason for the non-selections.

Mr. Pauciulo was a colleague of Plaintiff at the time of a Liberty Mutual Field Sales reorganization in 2019 but he worked in a different region from Mr. Shannon. As Mr. Pauciulo has attested, he was not Plaintiff's supervisor and had no decision-making role concerning any of the events at issue in the Connecticut Litigation. *See* Exhibit E, Declaration of Frank Pauciulo at ¶

5. Mr. Pauciulo also is not a comparator as he did not apply for the same positions Plaintiff applied for as Regional General Manager for the Northeast Region, or the three Regional Manager positions in the same Northeast Region. *Id*. at ¶ 6.  Ultimately, Mr. Pauciulo has no relevant knowledge or information to the Connecticut Litigation and Liberty Mutual has not disclosed him as a witness in this litigation.

II.     **LEGAL STANDARD**

Subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure are not necessarily enforceable even if the Court has personal jurisdiction over the person being issued the subpoena. *See Broumand v. Joseph*, 522 F.Supp.3d 8 (S.D.N.Y. 2021). Under Rule 45, a court may quash a subpoena if it (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter if no exception or waiver applies; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The party seeking to quash a subpoena may rely on any one of the four factors articulated under Rule 45(d)(3); it does not have to satisfy all of them. *Malibu Media, LLC v. Doe*, No. 8:14-cv-2351, 2015 U.S. Dist. LEXIS 16641, at *5 (M.D. Fla. Jan. 22, 2015).

Specifically, Rule 45(d)(3) of the Federal Rules of Civil Procedure states as follows:

***Quashing or Modifying a Subpoena.***

(A) *When Required*.  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted*.  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe

3.

specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(d)(3).

Pursuant to Rule 45(d)(3), the proper district to consider a motion to quash or modify a Rule 45 nonparty subpoena is the federal court in the district of compliance. *Elite Mitigation Servs., LLC v. Westchester Surplus Lines Ins. Co.,* No. 5:19-CV-381-TKW/MJF, 2020 WL 6127079, at *1 (N.D. Fla. May 1, 2020); *In re SBN Fog Cap II LLC,* 562 B.R. 771, 775 (Bankr. D. Colo. 2016); *Woods ex. rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 406 (N.D. Ala. 2014).

### III. THIS COURT SHOULD QUASH THE SUBPOENA

#### A. The Pauciulo Subpoena Subjects Liberty Mutual and Mr. Pauciulo to Undue Burden.

"Rule 45(d)(3)(A)(iv) *requires* a court to quash or modify a subpoena that 'subjects a person to undue burden.'" *Hannah v. Armor Corr. Health Servs., Inc.*, No. 8:19-CV-596-T-60SPF, 2020 WL 3414999, at *2-3 (M.D. Fla. June 22, 2020) (citing Fed. R. Civ. P. 45(d)(3)(A)(iv)); *ML Healthcare Servs., LLC v. Publix Super Mkts., Inc.*, 881 F.3d 1293, 1306 (11th Cir. 2018). By its terms, this protection is not limited to the subpoenaed party but applies to any "person."

Liberty Mutual first seeks to quash the subpoena directed to Mr. Pauciulo, because the deposition commanded by the subpoena would cause undue burden to Liberty Mutual. Undue burden exists when the burden outweighs any probative value of the information to be provided. Several factors must be considered to determine whether a subpoena would impose an undue burden, including whether the information sought is admissible and relevant to the underlying claims and the burden imposed on any person by providing the information sought. *Jordan v. Comm'r, Miss. Dep't of Corrections*, 947 F.3d 1322, 1329 (11th Cir. 2020). "The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry. *Id*. at 1337 (citing *Wiwa v. Royal Cutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004 ("[I]f the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party.")).

Mr. Pauciulo is not a party to the underlying Connecticut Litigation for which Plaintiff's lawyers seek his testimony from over 1,200 miles away in Florida. Rather, Plaintiff is pursuing this deposition as an improper, last-ditch effort in the final weeks of extended discovery to harass

4.

and burden both Liberty Mutual and its retired former employee, Mr. Pauciulo. Preparing for and attending a deposition in Florida, whether or not by remote testimony, would be a significant burden and expense for Liberty Mutual. *See Black Card LLC v. VISA USA Inc.*, Case No. 15-CV-27-SWS, 2020 WL 9812009 (D. Wyo. 2020) (recognizing burden to defending party to have counsel present at the remote location, where plaintiff sought permission for remote trial testimony). Almost every deposition Plaintiff's lawyers have taken in the Connecticut Litigation has lasted 7 hours (and in some cases have occurred on more than one day). Allowing this deposition to go forward would result in considerable expense for Liberty Mutual, as its lawyers will have to prepare for and participate in the deposition.

There is no countervailing compelling need for the deposition or probative value of Mr. Pauciulo's testimony in the Connecticut Litigation. As stated above, the claims by Plaintiff in the litigation are that Plaintiff should have been selected as a Regional General Manager or a Regional Manager for the Northeast Region. Instead, after his and all the other Area Managers' positions were eliminated in 2019 as part of the reorganization in Field Distribution Services, and after Plaintiff performed poorly at his interviews for both positions at issue, he was offered several positions, including the position he currently holds today.

Mr. Pauciulo was not at all involved in any decisions concerning Plaintiff or whether Plaintiff would be selected for a Regional General Manager or Regional Manager position in the Northeast Region. Exhibit E at ¶¶ 5, 7-8. Mr. Pauciulo knows nothing about whether other candidates' qualifications and interview performances were better than Plaintiff's, and he has no knowledge of **whether or not age was the factor in any decisions concerning Plaintiff and his employment**. *Id*. at ¶ 7. Rather, Mr. Pauciulo was a colleague of Plaintiff whose territory was the mid-Atlantic Region. He has no relevant information regarding the non-selection of Plaintiff within the Northeast Region. *Id*. at ¶¶ 8, 10.

The Connecticut Litigation has been pending for a year and a half, and the Complaint was filed on August 17, 2020. Yet Plaintiff has waited until just a few weeks before the final close of extended discovery to make any attempt to depose Mr. Pauciulo, a third party witness who has no relevant knowledge regarding Plaintiff's allegations. In fact, Plaintiff has taken numerous depositions in the case of current and former managers and decisionmakers concerning Plaintiff. Discovery is set to close in the Connecticut Litigation on May 20, 2022. The last-minute nature of Plaintiff's attempt to take this deposition belies its nature as an after-thought and a mechanism

of harassment rather than a sincere desire to obtain relevant discovery in this case.

Mr. Pauciulo left Liberty Mutual after his Area Manager position was eliminated in 2019. *Id*. at ¶ 9. The sole rationale Plaintiff's counsel has provided to defense counsel to support taking this deposition and as justification for the burden and expense to Liberty Mutual of participating in a deposition of Mr. Pauciulo, is that Mr. Pauciulo allegedly made a single comment to his manager after Mr. Pauciulo, not Plaintiff, was not selected for a new position in the the Mid-Atlantic Region that "this feels age related." His manager allegedly responded, "I assure you it is not." That is the sole reason Plaintiff's attorneys have said they are subpoenaing Mr. Pauciulo for an out of state deposition. Exhibit D at ¶ 5.

Even if Mr. Pauciulo had made the alleged comment in 2019 based on his own individual situation, his testimony is not relevant or material to the claims by Plaintiff. Plaintiff makes no allegations concerning Mr. Pauciulo in the Connecticut Litigation. Exhibit A. Mr. Pauciulo left Liberty Mutual almost three years ago and currently resides in Florida. Exhibit E, at ¶ 9. Mr. Pauciulo has no involvement with Liberty Mutual currently and does not believe he has any information relevant to Plaintiff's claims. *Id*. at ¶ 10. There is no reasonable basis for subjecting Liberty Mutual and Mr. Pauciulo to a deposition in a single-plaintiff case alleging unlawful discrimination of Plaintiff when Mr. Pauciulo had no involvement in the decisions and about which he has no knowledge. *Id*. at ¶ 11.

It is well established that the breadth and limits of discovery set forth in Rule 26 are applicable to nonparty discovery under Rule 45. *See* Advisory Committee Note to the 1970 Amendments to Rule 45 (noting that the amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules"). In determining whether a Rule 45 deposition should be quashed based on undue burden, courts should consider the relevance, the need of the subpoenaing party for the information, the breadth of the information sought, and the time period covered against the burden imposed on the person ordered to provide the discovery. *Belcher v. A & M Bus. Properties*, No. 8:10-CV-02898-23AEP, 2015 WL 4527575, at *2 (M.D. Fla. July 27, 2015). "While Rule 45 does not specifically identify irrelevance as a reason to quash a subpoena, it is generally accepted that the scope of discovery allowed under Rule 45 is limited by the relevancy requirement of the federal discovery rules." *Jordan v. Comm'r, Miss. Dep't of Corrections*, 947 F.3d 1322, 1329 (11th Cir. 2020) (noting that federal courts in this circuit have uniformly applied this principle). The standard is that "[p]arties

may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). "The party seeking discovery bears the burden of demonstrating the relevance of the information sought to the claims or defenses in the litigation." *CBS Broad, Inc. v. EchoStar Communications Corp.*, No. 98-2651-CIV, 2003 WL 27387392, at *3-4 (S.D. Fla. 2003) (citations omitted); *see also Mannington Mills v. Armstrong World Indus.*, 206 F.R.D. 525, 529 (D. Del. 2002) (discovery is not allowed where no need is shown for the discovery, where compliance is unduly burdensome, *or* where the potential harm outweighs the benefit of production to the litigation). In Florida, the material sought in discovery must be relevant to a party's claim or defense and proportional to the needs of the case." *Grahan, LLC v. Palm Steak House*, LLC, No. 12-80762-CV, 2021 WL 7540808, at *1 (S.D. Fla. 2012).

      Here, there is no probative value in the testimony being sought that would justify the burden and expense to Liberty Mutual of preparing for and attending this deposition and for this non-party Florida resident to be subjected to an out-of-state deposition for litigation in Connecticut about which he has no relevant knowledge. Forcing Mr. Pauciulo to sit for a deposition up to 7 hours and producing documents where he has no information that is relevant to the merits of Plaintiff's case is not a discovery mechanism that is proportional to the needs of the case. In order to properly defend the rights of Liberty Mutual, defense counsel would need to prepare for the deposition, attend the deposition up to 7 hours, and travel to and from Florida to appear in person. This burden and expense would be significant and provides standing for Liberty Mutual to ask this Court to quash the subpoena; the lack of probative value of the information sought is sufficient reason for the Court to grant the request. *See Auto-Owners Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005).

      Under Rule 45, undue burden is in fact one of the *mandatory* grounds for quashing a subpoena. Fed. R. Civ. P. 459(d)(3); *see also Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1335 (11th Cir. 2020), *cert. denied sub nom. Jordan v. Georgia Dep't of Corr.*, 141 S. Ct. 251 (2020) ("[a]mong the mandatory grounds [under Rule 45(d)(3)], a subpoena must be quashed if . . . [it] 'subjects a person to undue burden' (Rule 45(d)(3)(A)(iv))." Here, because the subpoena at issue seeks information that is irrelevant to the Connecticut Litigation, and because preparation for and attendance at the deposition would cause undue burden for Liberty Mutual with no probative value to the case, the subpoena should be quashed. *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020).

**B.     The Subpoena Should be Quashed for the Separate Reason That It Requires Compliance Beyond the Geographical Limited Specified in Rule 45(c).**

Rule 45(c) states that a subpoena may command a person to attend a deposition only "within 100 miles of where the person resides, is employed, or regularly transacts business in person; or . . . within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1). A court "*must* quash or modify a subpoena that . . . requires a person to comply beyond the geographical limit" of Rule 45. *Strike 3 Holdings, LLC v. Doe*, No. 8:20-CV-1328-T-33CPT, 2020 WL 7138621, at *2 (M.D. Fla. Dec. 7, 2020) (emphasis added).

Here, Mr. Pauciulo is not a party to the underlying Connecticut Litigation. Therefore, a subpoena for his deposition may only command him to appear for his deposition within 100 miles of where he resides, is employed, or regularly transacts business. Rule 45(c)'s geographic limitations still apply even where the subpoenaed person is commanded to appear remotely by electronic means and is not required to travel more than 100 miles. *See Broumand v. Joseph*, 522 F.Supp.3d 8, 23 (2021). This is because a party should not be able to evade the geographic limitations of Rule 45(c) by noticing nationwide depositions by video or remote testimony. *Id.* at 23; *see also Ping-Kuo Lin v. Horan Capital Mgmt. LLC*, No. 14-cv-5202, 2014 WL 3974585, at *1 (S.D.N.Y. Aug. 13, 2014) (respondent located more than 100 miles from location of arbitration could not be compelled to testify by videoconference at an arbitration hearing in New York City, because the rule permitting remote testimony "does not operate to extend the range or requirements of a subpoena."). As the Court in *Broumand* stated, "[t]o avoid Rule 45(c)'s geographical limitations, the Court would have to conclude that testimony via teleconference somehow "moves a trial to the physical location of the testifying person." *Id*. at *23 (citing *Roundtree v. Chase Bank USA, N.A.*, No. 13-239(MJP), 2014 WL 2480259 (W.D. Wash. June 3, 2014). The same holds true for a deposition; the location of a deposition does not change because the testifying person accesses the deposition by Zoom from his/her home. As the Court pointed out in *Broumand*, finding Rule 45(c)'s geographic requirements to be satisfied by remote participation is

> inconsistent with the text of Rule 45(c), which speaks, not of how far a person would have to travel, but simply the location of the proceeding at which a person would be required to attend. Moreover, any other reading would render Rule

8.

> 45(c)'s geographical limitations a nullity and bestow upon any arbitrator[1] sitting anywhere in the country the unbounded power to compel remote testimony from any person residing anywhere in the country.

*See Broumand*, 522 F.Supp.3d at *23-24. For the above reasons, similar to *Broumand*, this Court should conclude that the subpoena at issue, "even as modified to require video testimony, [is] unenforceable" because it seeks to compel Mr. Pauciulo to "attend" a deposition that located more than 100 miles from the location of the questioner in Connecticut and therefore outside the geographical limits set forth in Rule 45(c)." *Id.* at *24.

By analogy, the court in *Broumand v. Joseph*, 522 F.Supp.3d 8 (S.D.N.Y. 2021), held that a subpoena for testimony at an arbitration was invalid, because it required the respondents to "attend" an evidentiary hearing beyond 100 miles of where they resided or were employed since they resided in California and Virginia and the arbitration was to take place in New York. The *Broumand* Court held that, under Rule 45, "the site of the arbitration does not change simply because certain participants remotely access the proceedings from elsewhere." *Id.* Here, the deposition will take place in Connecticut, where the questioner is located, and this does not change simply because Mr. Pauciulo has been told he can access the deposition and provide testimony by Zoom from his home computer in Port St. Lucie.

  **C.** **Even if This Court Were to Decline to Quash the Subpoena in Its Entirety, It Should Enter a Protective Order Modifying the Subpoena.**

    **1.** **The Court Should Quash or Modify the Subpoena to the Extent it Calls for the Production of Mr. Pauciulo's Individual Confidential Separation Agreement & General Release, and Related Documents and Testimony, Which Have Nothing to Do with the Connecticut Litigation.**

At the time he left Liberty Mutual, Mr. Pauciulo entered into a Confidential Separation Agreement and General Release ("Confidential Agreement") with Liberty Mutual. Exhibit D at ¶ 6. As set forth above, the Connecticut Litigation does not involve either Mr. Pauciulo or his Confidential Agreement. See Exhibit A. Mr. Pauciulo did not sue Liberty Mutual, and he retired under the terms of his individual Confidential Agreement. Exhibit E at ¶ 13. The Confidential Agreement has nothing to do with Plaintiff. *Id.*

---

[1] By analogy, the same principles would apply to bestowing on any party to court litigation anywhere in the country the unbounded power to compel remote testimony from anyone located anywhere in the country.

Still, Plaintiff's attorneys have called for Mr. Pauciulo to produce, among other things, "[a]ny separation, severance, and/or settlement agreement between you and Liberty Mutual, from January 1, 2019, to the present," as well as any document concerning "the negotiation of any separation, severance, and/or settlement agreement between you and Liberty Mutual, from June 1, 2019, to the present." Exhibit B, at pp. 5-6. Plaintiff's attorneys have also made clear that they plan to question Mr. Pauciulo about the terms of his Confidential Agreement with Liberty Mutual, including but not limited to **the amount of severance and other payments** he received pursuant to that agreement.

"The breadth and limits of discovery set forth in Rule 26 are applicable to nonparty discovery under Rule 45." *Hannah v. Armor Corr. Health Servs., Inc.*, No. 8:19-CV-596-T-60SPF, 2020 WL 3414999, at *2-3 (M.D. Fla. June 22, 2020). "While Rule 45 does not specifically identify irrelevance as a reason to quash a subpoena, it is generally accepted that the scope of discovery allowed under Rule 45 is limited by the relevancy requirement of the federal discovery rules." *Jordan v. Comm'r, Miss. Dep't of Corrections*, 947 F.3d 1322, 1329 (11th Cir. 2020) noting that federal courts in this circuit have uniformly applied this principle). As such "a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information." *Id*.

The terms of Mr. Pauciulo's separation from employment and any amounts paid to him under a Confidential Agreement have no bearing on Plaintiff's individual claim that Plaintiff – who remains a current employee of Liberty Mutual today -- was not selected for two positions at Liberty Mutual because of his age. Moreover,

> Absent a showing of compelling need, a purely private agreement among the parties to keep the terms of [a] settlement and their own records confidential will be enforced. . . [O]ften courts will protect the terms of the settlement [even where the witness may testify as to other relevant and] admissible factual matters.

*Gen. Steel Domestic Sales, LLC v. Steel Wise, LLC*, No. CIV.A. 07-CV-01145-D, 2009 WL 185614, at *8 (D. Colo. 2009). Thus, even where a witness may testify at a deposition as to relevant factual matters, a court may properly protect Liberty Mutual from his disclosure of the terms of his confidential settlement agreement unless there is a compelling need for such disclosure based on the facts of the case. *Id.* One reason for this is that employers will be reluctant to reach settlements with employees if courts overrule the parties' private agreements to keep the terms of

their agreement confidential.

In the present case, there is no compelling need for Mr. Pauciulo to disclose the terms of his Confidential Agreement to Plaintiff, a current employee of Liberty Mutual who is currently trying to harass Liberty Mutual into settlement discussions n. Since Plaintiff's case is based on different decisions, different facts, and different decision-makers, there is no proper purpose for Plaintiff to compel the disclosure of this information about Mr. Pauciulo's personal experience.

Liberty Mutual asked Plaintiff's lawyers to agree to a reasonable limitation that no testimony would be elicited from Mr. Pauciulo about the terms of his Confidential Agreement or negotiations concerning it.  In fact, undersigned counsel wrote to counsel for Plaintiff in an attempt to secure their acknowledgement that Plaintiff would not use the deposition process to try to learn what Mr. Pauciulo was paid in separation pay based on his own Confidential Agreement with Liberty Mutual.  The terms of Mr. Pauciulo's departure have absolutely no bearing on the Connecticut Litigation between Plaintiff and Liberty Mutual. *See* Exhibit C. Plaintiff's counsel refused the request, stating that, "we do believe that the terms of [Mr. Pauciulo's] separation agreement are relevant insofar as they might inform any bias on his behalf." Exhibit C.

This response provides no valid basis for Plaintiff's attempt to harass Frank Pauciulo and Liberty Mutual by trying to force Mr. Pauciulo and the Company to disclose a private, inadmissible settlement agreement that has nothing to do with Plaintiff, and which they both agreed to keep confidential. In fact, Liberty Mutual believes one of the reasons Plaintiff is insisting on pursuing a deposition of Mr. Pauciulo is to use this extraterritorial deposition under Rule 45 as a way of improperly determining the terms of Mr. Pauciulo's private and individual separation from the Company, as well as any amounts he was paid by the Company, in order to leverage his own private settlement negotiations with Liberty Mutual. This should not be permitted.

Even more specifically, any amount paid to Mr. Pauciulo upon his separation from employment has no relevance whatsoever to this case. *See* Exhibit A, Complaint. Therefore, Liberty Mutual also requests a specific order from the Court that Plaintiff may not inquire about, and Mr. Pauciulo may not disclose either through testimony, by way of a written documents, or otherwise, the amount paid to him[2] upon his separation from Liberty Mutual pursuant to the

---

[2]  The Court should order that Mr. Pauciulo's Confidential Agreement not be produced. Alternatively, Liberty Mutual requests that any payment amounts under the agreement be redacted

11.

Confidential Agreement and the negotiations leading up to that payment.

  **2. The Court Should Quash the Subpoena Because It Calls for the Production of Confidential Protected Matter.**

  Eliciting testimony and the production of documents related to the Confidential Agreement should also not be permitted because Rule 45(d)(3)(A) makes clear that a subpoena that calls for the production of "protected matter" should be quashed. Specially, "[a]mong the mandatory grounds, a subpoena must be quashed if it requires disclosure of 'privileged or other protected matter' (Rule 45(d)(3)(A)(iii)) . . . . " *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1335 (11th Cir.), *cert. denied sub nom. Jordan v. Georgia Dep't of Corr.*, 141 S. Ct. 251 (2020). Rule 45 makes clear that a Court for the district where compliance is sought is *required* to quash or modify a subpoena that requires disclosure of protected matter if no exception or waiver applies. Fed. R. Civ. P. 45(d)(3)(A)(iii).

  "[T]he text of Rule 45(d)(3)(A)(iii) indicates that the protection of that specific provision extends beyond the strict bounds of 'privileged' information to encompass 'other protected matter.'" *Jordan*, 947 F.3d at 1336 (citing Fed. R. Civ. P. 45(d)(3)(A)(iii). Where a subpoena commands the disclosure of information that is not privileged but is confidential, the party issuing the subpoena must make a showing of "substantial need" for the information. *See TYR Tactical, LLC v. Protective Prod. Enterprises*, No. 15-CIV-61741, 2016 WL 10647314, at *3 (S.D. Fla. Mar. 8, 2016) (subpoena quashed where it requested the disclosure of a non-party's confidential and proprietary information, and plaintiff failed to establish a "substantial need" for the documents and information). Where a subpoenaing party "has not demonstrated relevancy, much less substantial need," the subpoena should be quashed under Rule 45(d)(3)(A). *Reeves v. Denbury Onshore, LLC*, No. 3:14-CV-640-DPJ-LRA, 2015 WL 476047, at *2-3 (S.D. Miss. Feb. 5, 2015); *see also United Techs. Corp. v. Mazer,* No. 05-80980-CIV, 2007 WL 788877, at *1 (S.D. Fla. Mar. 14, 2007) (when subpoenaed party shows that requested information is confidential and that disclosure might be harmful, the party seeking discovery must show that the information is not only relevant, but also necessary to its case).

  Plaintiff's statement that he believes such documents should be produced because Mr.

---

from the agreement and that counsel for Richard Shannon no ask any questions eliciting information concerning any such payments.

Pauciulo's Confidential Agreement "might inform any bias on his behalf," falls far short of explaining any "substantial need" or "necessity" for such information. Nor does it provide a reasonable justification for this Court to override the private agreement between Liberty Mutual and Mr. Pauciulo and force Mr. Pauciulo to disclose the terms of his Confidential Agreement that pertained only to him and had nothing to do with Plaintiff. Exh. D, at ¶¶ 6-7.

      **3.**      **Plaintiff Should be Required to Provide a Professional Location for the Deposition.**

As has been their pattern, Plaintiff's lawyers have been uncooperative by refusing to provide any physical location for the deposition, in the event it is permitted to proceed. As indicated in Exhibit B, they informed Mr. Pauciulo by letter that his deposition would be "conducted remotely via Zoom videoconferencing technology, so you can attend the deposition from your home or any other location that is comfortable for you." In their letter to Mr. Pauciulo, Plaintiff's lawyers improperly provided legal advice to Mr. Pauciulo by informing him that he was "obligated to attend the deposition and to provide responsive documents, unless you are told otherwise." Exhibit B, at p. 1. Mr. Pauciulo would prefer to have a court reporter's office or other professional space available for him to have his deposition, rather than doing it in his home where he would be concerned about potential technological issues. Exhibit E at ¶ 12.

If the deposition were allowed to proceed, while Plaintiff's lawyers may choose examine Mr. Pauciulo by Zoom, Liberty Mutual has a right to attend in person. On April 29, 2022, counsel for Liberty Mutual wrote to Plaintiff's lawyers informing them that they were likely to attend the deposition in person and requesting that the lawyers arrange for a space at a court reporter's office or other professional location for Liberty Mutual to attend the deposition in person with Mr. Pauciulo and his counsel. This was consistent with the fact that Liberty Mutual's counsel has attended in person most other depositions of its current or former employees, and the fact that Plaintiff's counsel attended the deposition of Shannon in person. Despite the fact that Liberty Mutual's counsel has been present in the room with the deponents at several of its current and former employees' depositions, for this deposition only, Plaintiff's lawyers have taken the position that if Liberty Mutual wants to question Mr. Pauciulo it must "do so by video outside of [Pauciulo's] physical presence." They have refused to secure a court reporter's or other professional location for Liberty Mutual to attend the deposition in person, and instead have invited Mr. Pauciulo to attend the deposition in his home. Liberty Mutual should not be denied access to

attend the deposition in person if it chooses to do so, by opposing counsel's strategy to schedule the deposition solely by Zoom, telling Mr. Pauciulo he can attend from his home, and requiring Liberty Mutual to secure an invitation into Mr. Pauciulo's home in order to attend the deposition with him in person.

For these reasons, if the deposition is allowed to go forward, undersign counsel also respectfully requests that Richard Shannon's counsel be required to secure a court reporter's conference room or other professional location so that Mr. Pauciulo and Liberty's counsel may attend the deposition at that location in person, and that the deposition be permitted for a maximum of no more than 2 hours.

### III.   CONCLUSION

For all of the aforementioned reasons, Plaintiff's subpoena dated May 20, 2022 commanding the deposition testimony by and documents from Mr. Pauciulo should be quashed, and a protective order should be issued in accordance with Liberty Mutual's arguments set forth above.

Dated:  May 3, 2022.                     Respectfully submitted,

LITTLER MENDELSON, P.C.
111 N. Orange Avenue, Suite 1750
Orlando, Florida 32801-2366
Telephone: (407) 393-2900
Facsimile: (407) 393-2929

BY:   */s/ Nancy A. Johnson*
Nancy A. Johnson
Florida Bar No.: 0597562
Email: najohnson@littler.com

and

Lori B. Alexander (CT08970)
(motion for admission *pro hac vice* to be filed)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT  06510
Telephone: 203.974.8701
Facsimile: 203.907.1891
Email: lalexander@littler.com

14.

                                            Attorneys for Liberty Mutual Group Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2022, a copy of the foregoing Notice of Deposition was sent via Federal Express and by electronic means to all counsel and *pro se* parties of record as follows:

Joshua Goodbaum
Nina Pirrotti
Garrison, Levin-Epstein, Fitzgerald & Pirrotti, P.C.
405 Orange Street
New Haven, CT 06511

jgoodbaum@garrisonlaw.com
npirrotti@garrisonlaw.com

                                            */s/ Nancy A. Johnson*
                                            Nancy A. Johnson (FL 0597562)